UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TRAMEIL JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02472-JMS-MPB |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Trameil Jackson's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case CIC 19-02-0194. For the reasons explained in this Order, Jackson's petition is **granted**.

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On February 18, 2019, Investigator J. Stevens wrote the following conduct report:

> On 2/18/19 at approximately 1:00 p.m. I, Investigator J. Stevens, reviewed legal mail for Offender Trameil Jackson 207582. An envelope addressed to Jackson from a Jonathan S. Gotkin contained two letters. During the review, the two letters enclosed were found to have a residue of an unknown substance. Due to the letters being soaked in an unknown liquid they are in violation of ADP Code 202.

Dkt. 7-1. Mr. Stevens also completed a form stating that the mail addressed to Mr. Jackson appeared to be soaked in a suspicious substance deemed by Indiana Department of Correction (IDOC) policy to look like a controlled substance. Dkt. 7-3.

The respondent has filed a picture showing an envelope addressed to Mr. Jackson next to two sheets of paper. Dkt. 7-2 at 1. As presented, the text on the two sheets of paper is too small to read.

CIC 19-02-0194 proceeded to a hearing on February 27, 2019. Dkt. 7-7. According to the hearing officer's report, Mr. Jackson stated in his defense that he was expecting legal mail, but he did not know the person identified as the sender or anyone from his address. *Id.* Additionally, Mr. Jackson stated that he never possessed the mail. *Id.*

The hearing officer considered Mr. Jackson's statement but found him guilty of possessing or using a controlled substance in violation of Code B-202. *Id.* He also reviewed the conduct report, an investigator's statement, and the mail itself. *Id.* The hearing officer provided the following explanation for his decision:

> When offenders get legal mail they have to acknowledge they are expecting legal mail. They then sign for it. I&I statement. The mail is always shown to offender before signing.

*Id.*

The hearing officer assessed sanctions, including the deprivation of 90 days' earned credit time. *Id.* On appeal, the final reviewing authority modified Mr. Jackson's charge to *attempted*

2

possession of a controlled substance in violation of Codes B-240 and -202. Dkt. 7-9. Mr. Jackson's sanctions were not altered. *Id.*

### III. Analysis

Mr. Jackson asserts that he is entitled to habeas corpus relief on multiple grounds. In this Order, the Court considers only one: No evidence supports the conclusion that Mr. Jackson attempted to possess the mail that the prison staff intercepted. On this basis alone, Mr. Jackson's petition merits habeas corpus relief.

"[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat*, 288 F.3d at 981. "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

Code B-202 forbids "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code, possession of drug paraphernalia, possession/use of a synthetic drug, or drug lookalike." Dkt. 7-10 at § 202. The IDOC's Disciplinary Code defines "possession" as "[o]n one's person, in one's locker or under one's physical control." Dkt. 7-11 at § III(BB). The Disciplinary Code identifies a number of areas presumed to be under an inmate's control, *see id.*, but no evidence indicates that the suspicious mail addressed to Mr. Jackson was ever in one of those areas.

Following the modification of his charge, Mr. Jackson's disciplinary conviction is not for *possessing* the suspicious mail but rather for *attempting to possess* it. Code B-240 forbids "[a]ttempting to commit any Class B offense; aiding, commanding, inducing, counseling, procuring or conspiring with another person to commit any Class B offense." Dkt. 7-10 at § 240.

Although it is clear that the suspicious mail was addressed to Mr. Jackson, no evidence shows that he ever attempted to retrieve the mail after it arrived at the prison. Moreover, there is no evidence of any connection between Mr. Jackson and the letter's sender. As a result, no evidence supports the conclusion that Mr. Jackson attempted to possess the suspicious mail.

In finding Mr. Jackson guilty, the hearing officer specifically noted that an inmate who receives legal mail must sign for it and acknowledge that he was expecting legal mail. Dkt. 7-7. But Mr. Jackson did neither. The form that Mr. Jackson would have signed indicates that the prison staff received the suspicious mail on February 12, 2019, and that it was addressed to Mr. Jackson. Dkt. 7-2 at 3. The "Signature of Offender" field is blank, as are the fields next to questions about whether Mr. Jackson expected the mail, whether it was from his lawyer, and whether he accepted the mail. *Id.* The form features the following handwritten note: "forwarding to I&I for further investigations." *Id.* The prison staff forwarded the suspicious mail for investigation before Mr. Jackson ever had an opportunity to attempt to possess it. Moreover, no evidence indicates that Mr. Jackson ever had an opportunity to attempt to possess the mail after that investigation began.

The respondent asserts the following argument that evidence supports the conclusion that Mr. Jackson attempted to possess the letter:

> It is only logical that because the letters were addressed to Jackson, that assuming they passed inspection by the facility, they would be provided to Jackson—that is the purpose of sending mail to an offender. The letters would thus be in Jackson's possession. It does not matter that the letters were never delivered to Jackson because they were flagged as suspicious because the charge was amended to *attempted* possession of a controlled substance.

4

Dkt. 7 at 8 (emphasis in original). This argument fails both logically and factually.

Logically, the fact that mail was addressed to Mr. Jackson is not evidence that he attempted to possess it. It is only evidence that someone attempted to send it to him. If additional evidence in the record indicated a connection between Mr. Jackson and the sender, it might be fair to infer that Mr. Jackson coordinated with the sender. But no such evidence appears in the record.

Factually, the evidence contradicts the respondent's assertion that Mr. Jackson would have received and possessed the mail if it passed inspection. Before he could take the mail, Mr. Jackson would have had to acknowledge that he was expecting this mail, accept it, and sign for it. Dkt. 7-2; dkt. 7-7. If presented with the mail, Mr. Jackson would have had an opportunity to refuse it. The prison staff denied him that opportunity by intercepting it, examining it, and predetermining that he must have arranged to have it sent to the prison. Thus, it is not a foregone conclusion that Mr. Jackson would have received and possessed the mail if the prison staff did not first confiscate it.

In sum, the evidence supports only the conclusion that mail with a suspicious residue was addressed to Mr. Jackson and sent to the prison. No evidence supports the conclusion that he attempted to receive or possess it. For this reason, his petition must be granted.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because Mr. Jackson was denied due process in CIC 19-02-0194, his petition for a writ of habeas corpus is **granted**. Mr. Jackson's disciplinary conviction must be **vacated** and his sanctions **rescinded**. His earned credit time must be **immediately restored**, and his new release date must be calculated accordingly.

Mr. Jackson's motion for ruling or update, dkt. [8], is **granted** insofar as the Court has issued this order. To the extent the motion seeks relief not discussed in this Order, it is **denied**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 4/24/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TRAMEIL JACKSON
207682
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov